IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARNELL DAVIS, [DK-7893]<br>Petitioner,<br><br>v.<br><br>GERALD R. ROZUM<br>SUPERINTENDENT, et. al.<br>Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br><br><br>No. 05-2421 |

**REPORT AND RECOMMENDATION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE August 31, 2005

Before the Court is Petitioner Darnell Davis' (alternatively "Davis" or "Petitioner") *pro se* petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Davis is currently incarcerated in the State Correctional Institution at Somerset, Pennsylvania.[1] By this petition, he seeks to challenge the state court convictions leading to his incarceration by claiming: (1) that he received ineffective assistance of trial and appellate counsel; (2) the trial court erred in consolidating two criminal cases; (3) the trial court erred in admitting an unredacted statement of a testifying co-defendant; (4) the trial court erred in denying his severance motion; (5) the evidence was insufficient to support his convictions; (6) the verdict was rendered against the weight of the evidence; and (7) his sentence was illegal.

For the reasons set forth below, we find that Davis' petition for a writ of habeas corpus is untimely and recommend that it be **DENIED** with prejudice.

**FACTUAL AND PROCEDURAL HISTORY**

[1] We note that while Petitioner is not currently a resident of the Eastern District of Pennsylvania, venue here is proper because his current confinement is the result of his prosecution and conviction in Philadelphia County.

On June 5, 1997, following a jury trial in the Philadelphia Court of Common Pleas, Davis was convicted of first and second degree felony robbery, burglary, simple assault, aggravated assault, criminal trespass, aggravated indecent assault, involuntary deviate sexual intercourse, rape, criminal conspiracy, and two counts each of endangering the welfare of children, corruption of minors, and indecent assault.[2] (Doc. No. 1 at 4.) Davis was sentenced to 39 ½ to 79 years in prison. (*Id.)*

On October 18, 1999, the Superior Court of Pennsylvania affirmed the judgments of sentence. *Commonwealth v. Davis*, 748 A.2d 768 (Pa. Super. Ct.1999) (Table); (Doc. No. 1 at 5); (Doc. No. 6 at 5); (Doc. No. 7 at 2). The Supreme Court of Pennsylvania declined review on May 17, 2000. *Commonwealth v. Davis*, 758 A.2d 1195 (Pa. 2000) (Table); (Doc. No. 1 at 5); (Doc. No. 6 at 5); (Doc. No. 7 at 2). Davis did not seek a writ of certiorari from the United States Supreme Court. (Doc. No. 1 at 5).

On May 22, 2001, petitioner sought collateral review in the Court of Common Pleas pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-46. (Doc. No. 1 at 5). On April 16, 2001, the court dismissed the PCRA petition as frivolous and relieved Davis' appointed counsel of further obligations. (Doc. No. 1 at 6; Doc. No. 6 at 11).

On December 28, 2004, the Superior Court affirmed the dismissal of the PCRA petition. (*Id.*). On February 24, 2005, Davis filed an application in the Pennsylvania Supreme Court for permission to file a petition for an allowance of appeal *nunc pro tunc* ("Permission Petition"). (Doc.

---

[2] Davis' convictions arise from a series of sexual assaults against his girlfriend's nine year old daughter. Davis and an accomplice subsequently robbed and assaulted a disabled elderly couple who had reported the abuse to police. (Doc. No. 7 at 3-6).

No. 6 at 11).[3] On April 29, 2005, the Pennsylvania Supreme Court denied the application. (Pa. Sup. Ct. Case No. 30 EM 2005, Docket Sheet at 3). Davis filed this petition for a writ of habeas corpus in the Eastern District of Pennsylvania on May 16, 2005.[4] (Doc. No. 1 at 11).

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one year period of limitation for the filing of an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In pertinent part, the AEDPA provides that the one-year period of limitation runs as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal; or

---

[3] The Superior Court docket sheet refers to Davis' subsequent filing in the Pennsylvania Supreme Court under docket number 30 EM 2005. Using that number, this Court obtained the Miscellaneous Docket Sheet online which detailed the filing and disposition of the Permission Petition.

[4] This is the earliest date Davis' petition can be deemed filed, the day he signed and dated his petition. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court).

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Importantly, section 2244 further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

We recount below the relevant dates and events leading to this Court's conclusion that Davis' habeas corpus application is untimely and must be dismissed.

| Date | Event | Effect on Limitations Period |
|---|---|---|
| 5/17/00 | Pennsylvania Supreme Court denies petition for allowance of appeal. | Davis has 90 days to petition for writ of certiorari in the United States Supreme Court. |
| 8/15/00 | Ninety day period to file for writ of certiorari expires. | One year time limit to file habeas corpus petition begins. |
| 5/22/01 | Davis files PCRA petition in the Philadelphia Court of Common Pleas. | One year time limit to file habeas corpus application tolled. 279 days have elapsed. |
| 4/16/03 | Philadelphia Court of Common Pleas dismisses PCRA petition. | One year time limit still tolled. |
| 12/28/04 | Pennsylvania Superior Court affirms dismissal of PCRA petition. | One year time limit is still tolled. Davis has 30 days to petition for allocatur in the Pennsylvania Supreme Court. |
| 1/27/05 | Last day to petition for allocatur. | One year time limit still tolled. |
| 1/28/05 | Time to petition for allocatur expired. | One year time limit resumes running. 280 days have elapsed. |
| 2/24/05 | Davis seeks permission to file petition for allowance of appeal *nunc pro tunc*. | One year time limit continues running. 308 days have elapsed. |

| Date | Event | Effect on Limitations Period |
|---|---|---|
| 4/22/05 | Last day to file habeas petition. | One year limitation period expires. 365 days have elapsed.. |
| 5/16/05 | Davis signs and dates his application for writ of habeas corpus. | Application is considered filed – 24 days after expiration of one year time limit. |

Our analysis begins on May 17, 2000, the day the Pennsylvania Supreme Court declined to review Davis' direct appeal. *Davis,* 758 A.2d 1195. He then had ninety days, or until August 15, 2000, to petition for a writ of certiorari in the United States Supreme Court. Sup. Ct. R. 13. There is no evidence that he filed a petition. Thus, on August 15, 2000, the ninety-day period expired, his judgment of sentence became final, and the AEDPA's one year limitation to file an application for a writ of habeas corpus began to run. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13; *Kapral v. U.S.*, 166 F.3d 565, 575 (3d. Cir. 1999) (judgment final after the time for seeking certiorari has expired whether or not petitioner seeks review). Absent any tolling, Davis was therefore required to file his habeas corpus petition by August 15, 2001. *See* § 2244(d)(1).

The one year limitation may be tolled, however, during the time a state collateral proceeding is pending if the collateral petition was properly filed under state law. 28 U.S.C. § 2244(d)(2). A properly filed state petition is one that is "submitted according to the state's procedural requirements, such as the rule governing the time and place for filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998).

Davis properly filed his PCRA petition on May 22, 2001,[5] thereby tolling the limitation period through December 28, 2004, the date the Superior Court affirmed the dismissal of his PCRA

[5]As of that date, the AEDPA's one-year limitation period had run for 279 days.

petition. The limitation period remained tolled for an additional thirty days following the decision of the Superior Court. This was the time afforded under state law to seek discretionary review in the Pennsylvania Supreme Court.[6] Pa. R. App. Proc. 1113(a).

After the thirty-day appeal period expired, Davis filed an application in the Pennsylvania Supreme Court for permission to file an allowance of appeal *nunc pro tunc*. The pendency of this Permission Petition, however, did not toll the one year limitation period. Therefore, the limitation period resumed running once the thirty-day appeal period expired, rather than the later date when the Pennsylvania Supreme Court denied the Permission Petition.

In order for Davis to have tolled the limitation period beyond the thirty days, review of his PCRA petition must have been "properly pending" or timely filed under state law. *See Artuz v. Bennet*, 531 U.S. 4, 8 (2000); *Merritt v. Blaine*, 326 F.3d 157, 158-59 (3d Cir. 2003). The Third Circuit Court of Appeals recently addressed a scenario nearly identical to this case, holding that once the time for filing an application for allowance of appeal to the Pennsylvania Supreme Court had expired, the petitioner's PCRA petition was no longer properly pending under state law. *Stokes v. Vaughn*, 132 Fed. Appx. 971, 973 (3d Cir. 2005).

In *Stokes*, the petitioner waited nearly three weeks after the thirty-day period for filing an appeal to the Pennsylvania Supreme Court had expired. *Id.* at 973. As in this case, he then sought permission to petition for an allowance of appeal *nunc pro tunc*, which the Pennsylvania Supreme Court denied without comment. *Id.* The court in *Stokes* reasoned that the denial of the permission

[6] A properly filed PCRA petition tolls the one year time limit to file a petition for writ of habeas corpus. Included in the tolled period is the thirty days petitioner has to seek discretionary review in the Pennsylvania Supreme Court, regardless of whether such review is actually sought. *Schwartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000).

petition without comment indicated that the petition was not accepted as properly filed. *Id*. Therefore, the permission petition did not result in statutory tolling during the period it was pending before the court. *Id*.[7]

In this case, Davis waited almost a month after the thirty-day filing period expired to file his Permission Petition. As in *Stokes,* the Pennsylvania Supreme Court dismissed the petition without comment. (Pa. Sup. Ct. Docket Sheet No. 30 EM 2005 at 3). Therefore, because Davis exceeded the thirty-day period to file his appeal, and the court dismissed his Permission Petition without comment, his PCRA petition was not "properly pending" after January 28, 2005. Consequently, the AEDPA's one year limitation period resumed running after that date and expired on April 22, 2005. Davis filed this petition for a writ of habeas corpus on May 16, 2005, more than three weeks after expiration of the one year limitation period. (Doc. No 1 at 11).

Davis does not claim or satisfy any of the remaining statutory exceptions to the limitation period established in Section 2244(d)(1)(B)-(D).[8] He does not allege state action prevented him from filing his petition, nor does he assert any claim that relies on a new rule of retroactively applicable constitutional law. Furthermore, the factual predicates upon which his claims are based concern events that took place during his trial proceedings and direct appeal and would have been clearly discoverable upon the exercise of due diligence.

---

[7] The court also discussed the recent decision in *Pace v. DiGuglielmo*, 544 U.S. ----, 125 S. Ct. 1807 (2005). In *Pace*, the Court held that because the state court rejected the PCRA petition as untimely, it was not "properly filed" and the petitioner was not entitled to statutory tolling under § 2244(d)(2) during the pendency of his petition. The Third Circuit concluded that the same rule applies when the court rejects the petitioner's appeal of his PCRA petition as untimely, rather than the PCRA petition itself. *Stokes*, 132 Fed. Appx. at 973.

[8] See *supra* p. 3 for the full list of exceptions.

Finally, Davis is not entitled to the benefit of equitable tolling. A petitioner seeking equitable tolling must prove that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely filing. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Miller v. New Jersey Dept. of Corrections*, 145 F.3d 616, 617-18 (3d Cir. 1998) (equitable tolling may only be granted in those rare circumstances where the petitioner has been prevented in some extraordinary way from asserting his rights). Davis has asserted no claim, nor presented any evidence, to support a finding that extraordinary circumstances prevented him from filing his habeas corpus petition within the statutorily mandated one year time limitation period.

Having determined that this petition for a writ of habeas corpus is untimely, failing to meet any of the statutory exceptions to the one year limitation or satisfy the criteria for equitable tolling, this Court's recommendation follows.

**RECOMMENDATION**

**AND NOW**, this 31st day of August 2005, it is respectfully **RECOMMENDED** that, pursuant to 28 U.S.C. § 2244(b)(1), the petition for a writ of habeas corpus be **DENIED WITH PREJUDICE**. It is **FURTHER RECOMMENDED** that a certificate of appealability should **NOT ISSUE** in that we do not believe that Petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE